**SCOTT v. CAMPBELL, Federal Prohibition Administrator, et al.**

District Court, E. D. New York. December 22, 1928.

No. 3871.

Affirmed 33 F.(2d) 905.

William Owen Van Keegan, of New York City, for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y., and Anthony P. Savarese, Asst. U. S. Atty., of New York City, for defendants.

MOSCOWITZ, District Judge. In this action the plaintiff seeks to review the action of the defendants in revoking permit No. S. D. A. 20129 issued to the Cotton Products Laboratories, No. 8 Henry street, Brooklyn, N. Y., authorizing it to use specially denatured alcohol, formula 42, in the manufacture, deodorization, and listeration of sanitary napkins and hospital pads.

On June 29, 1928, the plaintiff was cited to show cause why its permit should not be revoked on the following ground:

"On or about May 31, 1928, you unlawfully diverted or participated in the diversion of 400 gallons, more or less, of specially denatured alcohol withdrawn under your permit, in that you did on the 31st day of May, 1928, aforesaid, knowingly, wilfully and unlawfully make a false record purporting to show the receipt on the 31st day of May, 1928, of 400 gallons more or less of specially denatured alcohol, which specially denatured alcohol was not received at or delivered into your premises; and you did further make entries in your Government records purporting to show the use of the specially denatured alcohol aforesaid in the manufacture of denatured alcohol products which products were not in fact manufactured and which records were in fact false, fictitious and fraudulent, the entries therein having been made for the purpose of concealing the diversion of the denatured alcohol aforesaid."

Mr. Ovid Jones, who was designated by defendant Maurice Campbell as hearer, conducted the hearings.

On May 31, 1928, plaintiff made an entry in its records purporting to show the receipt on that date of eight barrels containing 400 gallons of specially denatured alcohol, formula 42, and the use thereof in the manufacture of certain cotton products. Plaintiff's witnesses testified that delivery of this alcohol was made at the Poplar street entrance of the premises at 9:30 a. m. on that date, in a white truck, license No. 840-003. Agents Cohen, Cusack, and Frank testified that they had the premises under constant observation between 7:50 a. m. and 6 p. m., and that no barrels of any kind had been delivered to the premises during that period. The hearer has carefully analyzed the testimony, and has concluded that the testimony of the agents was true, that no delivery of alcohol was made at the premises. This was a question of fact for his determination. This court is not authorized to substitute its judgment for that of the administrator. It is not the province of the court to weigh the evidence or to pass upon the credibility of the witnesses. Even if the court should conclude that the testimony on behalf of the plaintiff was entitled to greater weight and credence, it would not justify the court in setting aside the determination of the administrator.

There was a sharp conflict of testimony, which was resolved in favor of the agents. There was evidence to support the findings of the administrator.

It is claimed by the plaintiff that the revocation of this permit was arbitrary and capricious, but there is no evidence in the typewritten record presented for consideraton to bear out this contention.

The complaint will be dismissed. Decree for defendants. Settle order on notice.